**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

BRITISH D. MOSS, next
of kin to Gail A. Moss, deceased,

    Plaintiff,

v.                                                 Case No: 5:17-cv-535-Oc-32PRL

LEESBURG REGIONAL
MEDICAL CENTER, et al.,

    Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

**I.    Status**

Plaintiff, an inmate of the Florida penal system, initiated this action by filing a civil rights Complaint as the "next of kin" to his deceased mother, Gail A. Moss. See Doc. 1 (Complaint). His mother was a federal inmate at FCC Coleman at the time of her death. Plaintiff brings this suit to seek redress for alleged constitutional violations that led to or contributed to his mother's death.

**II.    Procedural History**

In the Complaint, Plaintiff named the following Defendants: Leesburg Regional Medical (LRMC); Gregory R. Lewis, Hospital Administrator and C.E.O of LRMC; Bureau of Prisons, and Kyle C. Shaw, M.D., Leesburg County, Florida, Medical Examiner. See Doc. 1. Plaintiff then filed an Amended

Complaint,[1] see Doc. 15, in which he named the following Defendants: LRMC; Lewis; Bureau of Prisons (FCC) Coleman; Shaw; and "Six Unnamed John Doe Employees of B.O.P/Leesburg Medical Reg. Ctr." Doc. 15 at 3. On June 6, 2018, the Court ordered service of the Amended Complaint. See Doc. 19.

In response to the Amended Complaint, Defendant Shaw filed a motion to dismiss, see Doc. 28, arguing, inter alia, that Plaintiff does not have standing to bring this action on behalf of his mother because he does not allege that he is the personal representative of his mother's estate. Doc. 28 at 6. Defendant LRMC also filed a motion to dismiss, see Doc. 35, arguing that Plaintiff lacks standing to pursue his claims.[2] Doc. 35 at 5. In response to the motions to dismiss, Plaintiff requested leave to file a second amended complaint, see Doc. 39, and that same day, filed a second amended complaint,[3] see Doc. 41. A few days later, he filed a third amended complaint. See Doc. 42.

On November 28, 2018, the Court entered an Order striking the second and third amended complaints and directed Plaintiff to file a response to the

---

[1] Plaintiff titled the Amended Complaint as a "second amended complaint." See Doc. 15.

[2] Defendant Bureau of Prisons also filed a motion to dismiss, see Doc. 33, arguing Plaintiff's allegations failed to state a claim for relief. It did not reference Plaintiff's standing to bring this action.

[3] Plaintiff titled the second amended complaint as a "third amended complaint." See Doc. 41.

2

Defendants' motions to dismiss. See Doc. 49. Plaintiff then filed a response, see Doc. 51, in which he realleged the claims in his Amended Complaint. However, Plaintiff adamantly argued that he has "'never' mention[ed] nor assum[ed] the position of [a] Bivens[4] act," but instead wished to clarify that his action is a "42 U.S.C. § 1983 civil rights complaint, for the negligence death of his mother." Doc. 51 at 1. In light of Plaintiff's clarification, the Court entered an Order acknowledging that the Amended Complaint alleged that he was bringing the action under § 1983 and not Bivens, but despite this concession, advised Plaintiff that he cannot continue with a § 1983 action against the named federal Defendants, because § 1983 is inapplicable to federal employees. See Doc. 53. As such, the Court directed Plaintiff to show cause as to why the Court should not dismiss the federal Defendants from this case. Id. In response, Plaintiff argued that he was suing the federal Defendants under the Federal Tort Claims Act and § 1983. See Doc. 54.

Upon consideration of Defendants' motions to dismiss, see Docs. 28; 33; 35, and Plaintiff's responses, see Doc. 51; 54, the Court found it appropriate to allow Plaintiff an opportunity to file a second amended complaint. Doc. 55. In doing so, the Court explained that Plaintiff's second amended complaint must address Defendants' standing argument and "include an explanation regarding

---

[4] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

3

his ability to bring this action as a survivor of his deceased parent." See Doc. 55. It further noted that "Plaintiff cannot serve as a personal representative under Florida law because of his felony conviction." Id. at 4. The Court explained that Plaintiff may assert a FTCA claim but reminded Plaintiff that Bivens provides Plaintiff with the means to challenge an individual federal official's conduct, while § 1983 only applies to the constitutionality of state official's conduct. Id. at 4 n.1. Plaintiff's operative Second Amended Complaint followed. See Doc. 62 (SAC).

### III. **Second Amended Complaint**

In the SAC, Plaintiff names the following Defendants: LRMC; Lewis; Shaw; "(10) named employees for Leesburg Medical"; and "(6) named employees for the United States." See id. at 2-3. He also, for the first time, names the following employees of LRMC as Defendants: Daquita Castellanos; Alex Seda, M.D.; Ana Duarte-Chipi, M.D.; Gina Torres, M.D.; Richard Li, M.D.; Manuel Alvarado, M.D.; Miratiquillatt Hessami, M.D.; Nitza A. Torres, M.D.; and Dwarakwath R. Banala, M.D. Id. He further names the following federal employees at FCC Coleman as Defendants: Tamara Jarvis; Charles E. Samuels; Michelle Story; Scott A. Middlebrooks; Hector L. Garcia; Olga Garajales; Jorge Nieto; and Kristina Miller. Id. at 14-15. Lastly, he names the United States Public Health Services as a Defendant. Id. at 15.

4

While not a picture of clarity, the SAC appears to be based on allegations that Defendants violated his mother's constitutional rights by acting with negligence and/or deliberate indifference with respect to her medical care. Plaintiff contends that Defendants improperly medicated his mother and performed illegal surgical procedures that led to or contributed to her death. He further argues that following his mother's death, Defendant Shaw intentionally destroyed evidence of the other Defendants' wrongful acts by declining to conduct an autopsy and fraudulently indicating on her death certificate that she died of natural causes. See Doc. 68 at 2.

He raises seven counts for relief and names all Defendants in each count, see Doc. 62 at 22, 25, 27, 28, 30, 32, 34, 35. Plaintiff labels the counts as follows: (I) "42 U.S.C. § 1983 in violation of general knowledge of prescription medication"; (II) "42 U.S.C. § 1983 in violation of intentional wrong 'stent procedure'"; (III) "Federal Tort Claims Act in violation of strict liability act"; (IV) "Federal Tort Claims Act In Violation of Equal Protection Clause"; (V) "Federal Tort Claims Act In Violation of (abuse) Against 42 U.S.C. § 12101-12213 Americans with Disabilities Act (ADA)"; (VI) Federal Tort Claims Act in Violation of Claims Against Official Misconduct"; (VII) Federal Tort Claims Act in Violation of Gross Negligence/Wrongful Death." See generally Doc. 62. As relief, Plaintiff requests "a preliminary and permanent injunction in the form

of the . . . witness list and depositions" of expert pharmacologists and medical personnel; compensatory damages in the amount of $925,000.00 against each Defendant; punitive damages in the amount of $725,000.000 against each Defendant; and any additional relief that this Court deems just and proper. Doc. 62 at 37-39.

This cause is before the Court for review under 28 U.S.C. § 1915 and on Defendant Shaw's Motion to Dismiss Plaintiff's Second Amended Complaint, or in the Alternative, Motion for a More Definite Statement and Motion to Strike, and Incorporated Memorandum of Law.[5] See Doc. 66 (Motion). Defendant Shaw seeks dismissal of this case, because Plaintiff: (1) lacks standing to bring this action on behalf of his mother; see id. at 2, (2) fails to allege proper venue, id. at 5; and (3) fails to state a cause of action for which relief may be granted, see generally id. at 5-14. The Court previously advised Plaintiff that the granting of a motion to dismiss may represent an adjudication of this case which may foreclose subsequent litigation on the matter. See Doc. 19. Plaintiff filed a response in opposition to the Motion. See Doc. 68. He also filed a second motion

---

[5] In directing Plaintiff to file a second amended complaint, the Court explained that it would determine if an answer or response was warranted after it reviewed the pleading. See Doc. 55 at 7. Upon review of the SAC, the Court finds that a response is not warranted and notes that Defendant Shaw filed his Motion without any direction from the Court.

to appoint counsel, see Doc. 64; a request for production of documents, see Doc. 71; and a "Motion for Deposition Upon Written Questions," see Doc. 73.

**IV. <u>Standing</u>**

Defendant Shaw argues that the SAC must be dismissed, because Plaintiff again fails to allege proper standing to pursue this action. Doc. 66 at 2. He asserts that Plaintiff does not have standing to bring any claim on behalf of his mother or recover damages for any constitutional violation that his mother may have suffered, because he has not been appointed as the personal representative of his mother's estate. Doc. 66 at 2.

In his SAC, Plaintiff alleges he has standing "over 'ALL' decisions of his own mother," because he is "the executive custodian over" his mother's affairs. Doc. 62 at 29. He does not contend that he or anyone else has been appointed as the personal representative of his mother's estate. Instead, he merely attempts to demonstrate his labors of seeking appointment by highlighting his efforts to obtain counsel and attaching letters from various attorneys who have declined to represent him in this case. See id. at 39, 95-103.

### A. 42 U.S.C. § 1983 and Bivens[6]

The Eleventh Circuit has not directly addressed whether a civil rights action survives a decedent's death when Florida is the forum state. But see Carringer v. Rodgers, 293 F.3d 1299, 1301 (11th Cir. 2002) (citing Brazier v. Cherry, 293 F.3d 401 (5th Cir. 1961) and analyzing whether federal court must look to Georgia wrongful death statute to determine whether a civil rights cause of action may survive the death of the victim); see also 42 U.S.C. § 1988(a). However, our sister court has engaged in a thorough analysis of this question. See Sharbaugh v. Beaudry, 267 F. Supp. 3d 1326, 1334-35 (N.D. Fla. 2017). The Northern District held that Florida's Wrongful Death Act "fills the survival gap," because it "provides a meaningful remedy" in § 1983 actions alleging violation of one's constitutional rights that resulted in wrongful death. Id. at 1335. While Florida's comprehensive wrongful death act does not permit recovery for a decedent's pain and suffering when injury results in death, it does permit recovery of pain and suffering damages in favor of the survivors. In other

---

[6] Plaintiff again does not cite Bivens as the basis for any of his allegations or claims against Defendants. See generally Doc. 62. However, to the extent he sues federal employees in their individual capacity, the Court construes such claims as being brought pursuant to Bivens, the federal analog to § 1983. The Court applies the same standing analysis to Plaintiff's § 1983 claims and any construed Bivens allegations. See Grimes v. Sabri, 674 F. App'x 860, 862 (11th Cir. 2016) ("Although § 1983 applies only to state official, Bivens provides a parallel remedy for the deprivation of rights by a federal official." Thus, "[w]e generally apply the same law to both § 1983 and Bivens cases.").

words, the court recognized, a decedent's damages are "transferred" to the survivors. Id. at 1334. See also Martin v. United Sec. Svcs., Inc., 314 So. 2d 765, 767 (Fla. 1975) ("Florida Statutes . . . consolidate survival and wrongful death actions and substitute for a decedent's pain and suffering the survivors' pain and suffering as an element of damages."); Capone v. Philip Morris USA, Inc., 116 So. 3d 363, 375 (Fla. 2013) (explaining that Florida's Wrongful Death Act "implemented a process of substitution" with respect to recovery of damages when a decedent's injuries cause his death).

However, Florida's Wrongful Death Act provides that any such "action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in the act, caused by the injury resulting in death." See § 768.20, Fla. Stat. That is to say, the decedent's personal representative is the only person with standing to pursue a § 1983 action regarding any constitutional violation that caused the death of the decedent. Wagner, Vaughan, McLaughlin & Brennan, P.A. v. Kennedy Law Group, 64 So. 3d 1187, 1191 (Fla. 2011) ("[T]he personal representative is the only party with standing to bring a wrongful death action to recover damages for the benefit of the decedent's survivors and the estate."); see also Wiggins v. Estate of Wright, 850 So. 2d 444, 446 (Fla. 2003) ("[B]y statute, the personal representative is the only party with standing to bring a

9

wrongful death suit on behalf of the estate and the survivors."). Indeed, this Court has held that "a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort' and 'only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim . . . .'" Christie v. Lee Cty. Sheriff's Office, No. 2:10-CV-420-FtM-36DNF, 2011 WL 4501953, *2 (M.D. Fla. Sept. 28, 2011) (quoting Claybrook v. Birchwell, 199 F.3d 350 (6th Cir. 2000)).

Plaintiff initiated this action in his personal capacity as the decedent's "next of kin." There is no question that Plaintiff claims that Defendants' wrongful acts caused his mother's death. However, "pursuant to Florida and federal law, such claims may only be brought by the personal representative for all survivors." Christie, 2011 WL 4501953, *2. Despite being directed to address this issue, Plaintiff fails to allege that he has been appointed as the personal representative of his mother's estate. See generally Doc. 62. Indeed, as Plaintiff was previously advised, because he is a convicted felon, he is not qualified to act

as a personal representative of his mother's estate.[7] See § 733.303(1)(a), Fla. Stat. Thus, Plaintiff is without standing to bring a § 1983 or a Bivens claim to recover damages for the alleged constitutional violations suffered by his mother. See, e.g., Howard v. Wilkinson, 305 F. Supp. 3d 1324, 1336-37 (M.D. Fla. 2018) (dismissing all § 1983 claims asserted by children in their individual capacity because they were not the personal representative of the estate, and thus, lacked standing); Veltmann v. Walpole Pharmacy, Inc., 928 F. Supp. 1161, 1161 (M.D. Fla. 1996) (granting motion to dismiss based on the plaintiff's lack of standing to bring action for wrongful death, because they failed to allege that they were bringing the suit as a personal representative of the deceased); Christie, 2011 WL 4501953, at *2 (holding plaintiff lacked standing to pursue § 1983 suit based on the death of plaintiff's husband, because such claims could only be raised by the personal representative); Mucciolo v. Boca Raton Regional Hospital, Inc., No. 19-cv-80185-BLOOM/Reinhart, 2019 WL 2297551, at *1-*2

---

[7] In Florida, "[t]he appointment of a personal representative for an intestate estate is a discretionary act of the probate courts." DeVaughn v. DeVaughn, 840 So. 2d 1128 (Fla. 5th DCA 2003). However, a person convicted of a felony is not qualified for appointment as a personal representative. See § 733.303, Fla. Stat. A review of the Florida Department of Corrections' website shows that Plaintiff has at least ten felony convictions and is currently serving a life term of incarceration. See Florida Department of Corrections, Corrections Offender Network, available at www.dc.state.fl.us/offenderSearch. In the Court's previous Order (Doc. 55 at 4), the Court advised Plaintiff to consider having a personal representative appointed for his mother's estate, but he apparently has not done so.

(S.D. Fla. May 30, 2019) (granting motion to dismiss because plaintiff brought wrongful death suit in personal capacity, not as personal representative of son's estate). Accordingly, Plaintiff's § 1983 claims and construed <u>Bivens</u> claims are due to be dismissed.

### B. Federal Tort Claims Act and Americans With Disabilities Act

Likewise, Plaintiff's standing to raise a claim on behalf of his mother under both the Federal Tort Claims Act and the Americans With Disabilities Act is governed by Florida's Wrongful Death Act. <u>See, e.g.</u>, <u>Gonzalez-Jiminex De Ruiz v. United States</u>, 378 F.3d 1229, 1231 n.1 (11th Cir. 2004) (holding "Florida law governs all substantive issues, including the question of whether an individual has standing" to raise a claim under the FTCA); <u>United States v. NEC Corp.</u>, 11 F.3d 136, 137, 139 (11th Cir. 1993) (recognizing that claims based on remedial statutes survive death where the forum state's law permits recovery for wrongful death); <u>see also</u> <u>Walton for Estate of Smith v. Fla. Dep't of Corr.</u>, No. 3:16-cv-1130-J-39JRK, 2018 WL 1393520, at *3 (M.D. Fla. Mar. 20, 2018) (noting the ADA is silent as to whether a person's claim survives death; thus, federal courts apply state substantive law to the extent necessary to fill the gap, per the federal statutory framework provided by § 1988). Because Plaintiff is not the personal representative of his mother's estate, he does not have standing to pursue a FTCA claim or an ADA claim on her behalf. <u>See, e.g.</u>,

12

Meszaros ex rel Meszaros v. United States, No. 8:05-cv-1214, 2006 WL 1528939, at *2-4 (M.D. Fla. June 2, 2006) (analyzing plaintiff's standing to pursue FTCA wrongful death suit under Idaho state law, and finding no standing because plaintiff was not appointed as personal representative). Thus, Plaintiff's FTCA and ADA claims are due to be dismissed.

## V. Conclusion

In sum, because Plaintiff is not the personal representative of his mother's estate, he lacks standing to raise any of the claims he sets forth in his SAC. Because the issue of standing is dispositive of this case, the Court declines to analyze Defendant's Shaw's other arguments. The SAC is dismissed as to all claims and all Defendants.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. Defendant Kyle C. Shaw's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 66) is **GRANTED**.

2. Plaintiff's Second Amended Complaint (Doc. 62) is **DISMISSED without prejudice** for lack of standing.

3. Plaintiff's Second Motion for Appointment of Counsel (Doc. 64); Plaintiff's First Request for the Production of Documents, and Order to Show

13

Cause for Preliminary Injunction (Doc. 71); and Plaintiff's Motion for "Deposition upon Written Questions" (Doc. 73) are **DENIED**.

4. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of February, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C: British D. Moss, #814794
Counsel of Record